UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nancy J. Keith and Wy nn A. Keith,
 wife and husband,

        Plaintiffs,

v.

Wyeth d/b/a Wyeth, Inc.; Wyeth
Pharmaceuticals Inc.,

        Defendants.

Case No. 04-cv-3000 (MJD/FLN)

ORDER

---

    Ronald S. Goldser, Zimmerman Reed, PLLP, Richard S. Lewis, Hausfeld LLP, Michael L. Williams and Leslie W. O'Leary, Williams Love O'Leary & Powers, P.C, Chris Kirchmer, Provost Umphrey Law Firm and Andrew N. Friedman, Cohen Milstein Sellers & Toll PLLC, Counsel for Plaintiffs.

    Edward F. Fox and Carrie L. Hund, Bassford Remele, PA, Counsel for Defendants.

---

    This matter is before the Court on Plaintiffs' motion to transfer this action to the Eastern District of New York. Having reviewed the parties' submissions, as well as the entire record of this action, the Court concludes that transfer to another District is appropriate.

This action is one of many product-liability actions that were filed in the District of Minnesota despite having no discernible connection to Minnesota. Plaintiff Nancy J. Keith is a citizen of New York. (Complaint ¶ 4.) Defendant Wyeth dba Wyeth, Inc. is a Delaware corporation with its principal place of business in New Jersey. (Id. ¶ 5a.) Defendant Wyeth Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Pennsylvania. (Id. ¶ 5b.) Plaintiff Nancy Keith ingested Defendants' hormone product, Prempro, from September 1997 to June 2000 and was diagnosed with breast cancer in June 2000. (Id. ¶ 4.) She now sues for damages that she allegedly sustained due to permanent disfigurement, pain, and suffering. Her husband, Wynn Keith sues for loss of consortium as a result of his wife's injuries. (Id. ¶ 8.) No act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiffs seek to recover were suffered in Minnesota.

Plaintiffs maintain that, pursuant to 28 U.S.C. § 1404, transfer to the United States District Court for the Eastern District of New York is warranted. Defendants oppose transfer. When considering a motion to transfer under § 1404(a), the Court considers three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc.

v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696.

Transferring this case will promote the interests of justice and the convenience of the parties. No party, potential witness, evidence, or relevant event has any relevant connection to Minnesota. Moreover, a transfer will not prejudice any party. This case will remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that a § 1404(a) transfer does not change the law applicable in a diversity case). The main effect of a transfer will be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties.

Defendants argue that transfer of this case is not in the interests of justice, because Plaintiffs filed suit in Minnesota only to take advantage of Minnesota's extended statute of limitations. If Plaintiffs had filed suit in their home state of New York, the claims would be time-barred. Defendants further assert that Plaintiffs' case is one of 356 New York residents who filed hormone-therapy cases in Minnesota based on the use of Defendants' products.

In Fleeger v. Wyeth, the Minnesota Supreme Court held that Minnesota's statute of limitations apply to personal injury claims of a non-Minnesota resident against a defendant not a resident of Minnesota where the events giving rise to the claims took place outside of Minnesota, for claims that arose prior to August 1, 2004. 771 N.W.2d 524, 525 (Minn. 2009). Here, Plaintiffs alleges that Nancy Keith's injuries occurred as a result of ingesting Defendants' product from 1997 to 2000. As Minnesota's six year statute of limitations applies to Plaintiffs' claims, such statute of limitations will follow Plaintiffs to New York. See Ferens, 494 U.S. at 523. Accordingly, the interests of justice will be served by transferring this case to Eastern District of New York.

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. See, e.g.,

Coccodrilli v. I-Flow Corp., Civil No. 10-2083 (JNE/SRN) (D. Minn. Aug. 11, 2010); Murphy v. I-Flow Corp., Civil No. 10-674 (DSD/SRN), 2010 WL 2985707 (D. Minn. July 26, 2010); Powell v. I-Flow Corp., 711 F. Supp. 2d 1012 (D. Minn. 2010). The Court agrees with the reasoning and conclusion of those cases. Therefore, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this case to the Eastern District of New York.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this case is transferred to the United States District Court for the Eastern District of New York.


Dated: July 26, 2011          s/ Michael J. Davis
                                              Michael J. Davis
                                              Chief Judge
                                              United States District Court